# EXHIBIT 3

**IN THE COUNTY COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA**

Case No.

**BRIANA VANESSA ROMERO,**

    Plaintiff,

v.

**PROFESSIONAL PARKING
MANAGEMENT CORPORATION,**

    Defendant.

_____/

**JURY TRIAL DEMANDED**

**INJUNCTIVE RELIEF SOUGHT**

## STATEMENT OF CLAIM

Plaintiff Briana Vanessa Romero ("Plaintiff") sues Professional Parking Management Corporation ("Defendant") for violations of the federal Drivers Privacy Protection Act ("DPPA") and the federal Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff and Defendant (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Palm Beach County, Florida.

3. The amount in controversy is greater than $2,500, but does not exceed $8,000, exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

4. Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Palm Beach County Florida.

## PARTIES

5. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Palm Beach County, Florida.

6. Defendant is a Georgia corporation, with its principal place of business located in Fort Lauderdale, Florida.

## DEMAND FOR JURY TRIAL

7. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

8. 290 EAST ATLANTIC, LLC ("Property Owner") is the owner of real property located at 55 SE 2nd Avenue, Delray Beach, Florida 33444, of which holds itself out to the general public as a parking lot.

9. On a date better known by Property Owner and Defendant, Property Owner hired and/or contracted with Defendant to collect, or attempt to collect, funds from individuals that allegedly owe money to Property Owner for the use of the parking lot.

10. On behalf of Property Owner and in connection with the parking lot, Defendant collects funds from individuals and transmits all or a portion of said funds to Property Owner.

11. Money owed to Property Owner, if any, for an individual's use of the parking lot is due no later than immediately prior the individual exiting the parking lot in the vehicle the individual parked in the parking lot.

12. The individual that parks a vehicle in the parking lot is debtor of any debt allegedly owed to Property Owner, if any, in connection with the parking lot.

13. Money owed to Property Owner, if any, is past due and/or otherwise in default, after an individual exits the parking lot in a vehicle that utilizes the parking lot without paying.

14. Once money allegedly owed to Property Owner is past due and/or otherwise in default, Property Owner imposes punitive fees and charges on the individual, which can be more than twenty (20) times the amount payable by the individual prior default.

15. On behalf of Property Owner, Defendant collects the license plate information of vehicles being driven by individuals that allegedly owe money to Property Owner.

16. Defendant submits request to the Florida Department of Transportation ("FDOT") using the license plate information of vehicles driven by individuals that allegedly owe money to Property Owner.

17. By and through requests to FDOT, Defendant obtains access to the personal information and/or highly restricted personal information of the owner of the vehicle driven by the individual that allegedly owes money to Property Owner.

18. Plaintiff is the registered owner of a vehicle bearing the license plate number 98EWXD (the "Vehicle").

19. On or about April 8, 2025, Plaintiff received a letter from Defendant on behalf of Property Owner (the "Collection Letter"). Attached as Exhibit A is a copy of Collection Letter.

20. The Collection Letter demands $85.00 from Plaintiff because the Vehicle allegedly entered the parking lot on April 5, 2025, at 9:46 AM and exited the parking lot on April 5, 2025, at 10:06 AM without paying.

21. In the Collection Letter, Defendant provides pictures of the Vehicle's license plates, as well as lists the Vehicle's license plate number, the date of the notice, the state associated with the Vehicle, the alleged time and date the Vehicle entered the parking lot, and the alleged time and date the Vehicle exited the parking lot.

22. Plaintiff is the alleged debtor of the money demanded by Defendant in the Collection Letter.

23. At the time Defendant submitted an unauthorized request to FDOT and obtained access to Plaintiff's personal information and/or highly restricted personal information, Defendant had no way of knowing whether Plaintiff had even used the parking lot because, even if a vehicle registered to Plaintiff had used the garage, Defendant had no way of knowing whether Plaintiff had operated the Vehicle or whether it had been operated by another.

24. Because Defendant has no way of knowing the identity of the actual operators of the vehicles using the parking lot, Defendant's submission of unauthorized requests to FDOT to improperly obtain access the personal information and/or highly restricted personal information of the registered owners of such vehicles is extremely reckless and in disregard of the rights of such registered owners.

25. Defendant's purpose in obtaining Plaintiff's personal information and/or highly restricted personal information from FDOT was to directly solicit Plaintiff for payment of debt sought in the Collection Letter.

26. As of the date and time Defendant submitted a request to FDOT for Plaintiff's personal information and/or highly restricted personal information, Plaintiff had not provided written consent to Defendant for it to do so.

27. Without Plaintiff's written consent, Defendant cannot qualify for an exception to the DPPA's prohibition against invading Plaintiff's privacy rights in covered records that is applicable where such records may be released "[f]or use by any requester, if the requester demonstrates it has obtained the written consent of the individual to whom the information pertains." *See* 18 U.S.C.A. § 2721(b)(13).

28. As of the date and time that Defendant submitted a request to FDOT for Plaintiff's personal information and/or highly restricted personal information, Defendant's purpose in obtaining Plaintiff's personal information and/or highly restricted personal information was so that Defendant could send a false, misleading, inflated and/or unreasonable demand for payment to Plaintiff with respect to the alleged use of the parking lot by an unknown person operating a motor vehicle registered to Plaintiff. This purpose is not one that is permissible under the DPPA, 18 U.S.C § 2721.

29. As of the date and time that Defendant submitted a request to FDOT for Plaintiff's personal information and/or highly restricted personal information, Defendant's purpose in obtaining Plaintiff's personal information and/or highly restricted personal information was <u>not</u> "[f]or use in providing notice to the owners of towed or impounded vehicles." *See* 18 U.S.C. § 2721(b)(7).

30. As of the date and time that Defendant submitted a request to FDOT for Plaintiff's personal information and/or highly restricted personal information, Plaintiff's vehicle was not towed or impounded.

31. As of the date and time that Defendant submitted a request to FDOT for Plaintiff's personal information and/or highly restricted personal information, there was no civil, criminal, administrative, or arbitral proceeding between Plaintiff, and Defendant, and/or Property Owner.

32. Defendant's intended use and purpose in obtaining Plaintiff's personal information and/or highly restricted personal information was not "in connection with any civil, criminal, administrative, or arbitral proceeding." *See* 18 U.S.C. § 2721(b)(4).

33. As of the date and time that Defendant submitted a request to FDOT for Plaintiff's personal information and/or highly restricted personal information, Plaintiff had not threatened Defendant or Property Owner with any civil, criminal, administrative, or arbitral proceeding.

34. As of the date and time that Defendant submitted a request to FDOT for Plaintiff's personal information and/or highly restricted personal information, Defendant had not initiated any civil, criminal, administrative or arbitral proceeding against any person alleged to have used the parking lot.

35. As of the date and time that Defendant submitted a request to FDOT for Plaintiff's personal information and/or highly restricted personal information, Defendant's efforts to obtain payment from persons, like Plaintiff, who were alleged to have used the parking lot was limited to sending bills to such persons and then referring the matter to another debt collector if not paid.

36. Defendant's intended use and purpose in obtaining Plaintiff's personal information and/or highly restricted personal information was not one of the permissible intended uses or purposes under the DPPA, 18 U.S.C § 2721.

37. Because Defendant's intended use of Plaintiff's personal information and/or highly restricted personal information was not permissible under the DPPA, 18 U.S.C § 2721, Defendant violated Plaintiff's privacy rights under the DPPA, 18 U.S.C § 2721, by scanning the Vehicle's license plate and using the collected information to obtain his personal information and/or highly restricted personal information from the motor vehicle records maintained by the State of Florida and dunning him by and through the Collection Letter.

38. Defendant's acts as described above were undertaken on behalf of, with the express authority and within the scope of such express authority, with the actual knowledge of and for Property Owner.

39. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

40. Defendant is a business entity engaged in the business of collecting consumer debts.

41. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

42. Defendant failed to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

43. Defendant failed to disclose the information required by 15 U.S.C. § 1692g(a) to Plaintiff within five (5) days of Defendant's initial communication with Plaintiff in connection with the collect of the debt sought in the Collection Letter.

44. Defendant lacks the statutory right to demand the money sought in the Collection Letter from Plaintiff.

45. Defendant lacks the contractual right to demand the money sought in the Collection Letter from Plaintiff.

## COUNT 1
## VIOLATION OF THE DPPA

46. Plaintiff incorporates by references ¶¶ 8-45 of this Statement of Claim.

47. Pursuant to 18 U.S.C.A. § 2721 of the DPPA:

> A State department of motor vehicles, and any officer, employee, or contractor thereof, shall not knowingly disclose or otherwise make available to any person or entity:
>
> (1) personal information, as defined in 18 U.S.C. 2725(3), about any individual obtained by the department in connection with a motor vehicle record, except as provided in subsection (b) of this section; or
>
> (2) highly restricted personal information, as defined in 18 U.S.C. 2725(4), about any individual obtained by the department in

> connection with a motor vehicle record, without the express consent of the person to whom such information applies, except uses permitted in subsections (b)(1), (b)(4), (b)(6), and (b)(9): *Provided,* That subsection (a)(2) shall not in any way affect the use of organ donation information on an individual's driver's license or affect the administration of organ donation initiatives in the States.

18 U.S.C. § 2721.

48. The limited exceptions to the prohibition on disclosure do <u>not</u> include parking facilities. *See* 18 U.S.C.A. § 2721.

49. The limited exceptions to the prohibition on disclosure do <u>not</u> include the dunning of owners of vehicles that have allegedly used a parking facility. *See* 18 U.S.C.A. § 2721.

50. After the Vehicle entered a parking lot for which Defendant collects debts on behalf of the owner thereof, Defendant obtained Plaintiff's personal information from a state motor vehicle department based on the Vehicle's license plates and sent one or more letters to Plaintiff seeking payment for Plaintiff's alleged use of the parking lot during the four year period preceding the filing of this Statement of Claim.

51. In doing so Defendant knowingly obtained from one or more state department of motor vehicles Plaintiff's personal information and/or highly restricted personal information for the purpose of billing the registered owner of the vehicle with complete disregard of the fact that the registered owner was not driving the vehicle in question. Such use is not for a permissible purpose under the DPPA.

52. Defendant knowingly obtained from one or more state department of motor vehicles Plaintiff's personal information and/or highly restricted personal information for the purpose of demanding payment of inflated and improper alleged parking charges. Such use is not for a permissible purpose under the DPPA.

53. At the time that Defendant knowingly obtained from one or more state department of motor vehicles Plaintiff's personal information and/or highly restricted personal information, Plaintiff had not provided written consent to Defendant for it to do so.

54. At the time that Defendant knowingly obtained from one or more state department of motor vehicles Plaintiff's personal information and/or highly restricted personal information there was no civil, criminal, administrative, or arbitral proceeding with respect to Plaintiff with respect to any parking facility.

55. At the time that Defendant knowingly obtained from one or more state department of motor vehicles Plaintiff's personal information and/or highly restricted personal information there was no threat to Defendant of any litigation from Plaintiff.

56. Pursuant to 18 U.S.C.A. § 2722, "[i]t shall be unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use not permitted under section 2721(b) of this title."

57. Pursuant to 18 U.S.C.A. § 2724, "[a] person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court."

58. As more fully detailed and alleged *supra*, Defendant violated the DPPA by knowingly obtaining, disclosing or using personal information, from a motor vehicle record, for a purpose not permitted under the DPPA.

59. Defendant's violation of the DPPA damaged Plaintiff.

60. Pursuant to 18 U.S.C. § 2724 authorizes this Court to award to Plaintiff "(1) actual damages, but not less than liquidated damages in the amount of $2,500; (2) punitive damages upon

proof of willful or reckless disregard of the law; (3) reasonable attorneys' fees and other litigation costs reasonably incurred; and (4) such other preliminary and equitable relief as the court determines to be appropriate."

61. As more fully alleged *supra*, Defendant's violations of the DPPA were knowingly reckless because Defendant improperly accessed Plaintiff's personal information and/or highly restricted personal information without even knowing whether Plaintiff had actually used the parking lot. In this regard, evidence of a vehicle's entry and exit of a parking does <u>not</u> prove that Plaintiff actually was the operator of the vehicle in question at the time of the alleged use.

62. Defendant did not take this simple fact into account choosing, instead, to proceed to systematically and improperly access the records maintained by state motor vehicle departments as to Plaintiff so that Defendant could dun them with inflated and outrageous "violation" notices and/or turn them over to other debt collectors for further harassment in support of the parking scam.

63. Because Defendant has violated the DPPA in a systematically brazen and reckless manner, punitive damages are particularly appropriate in this action to punish Defendant and to deter others from this conduct that is so clearly violative of Plaintiff rights under federal law not to have Plaintiff's motor vehicle records improperly accessed.

64. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff and the following relief:

(a) Actual damages, but not less than liquidated damages in the amount of $2,500 for each such violation;

(b) Reasonable attorneys' fees and other litigation costs reasonably incurred; and

(c) Such other preliminary and equitable relief as the Court determines to be appropriate; and

## Count 2
## VIOLATION OF THE FDCPA

Page **10** of **12**

65. Plaintiff incorporates by references ¶¶ 8-45 of this Statement of Claim.

66. Defendant uses the telephone and mail in a business the principal purpose of which is the collection of any debts *and/or* Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

67. Defendant regularly collects or attempts to collect debts owed or asserted to be owed to Property Owner.

68. The debts which Defendant regularly collects or attempts to collect are debts which are past-due and/or otherwise in default.

69. These debts or alleged debts, including specifically the debt asserted to be owed by Plaintiff at issue in this action, are for transactions that are primarily for personal, family or household purposes.

70. As such, Defendant is a "debt collector" as defined by the FDCPA.

71. Section 1692g(a) of the FDCPA requires that a debt collector send the consumer a written notice containing the information set forth under § 1692g(a)(1)-(5) of the FDCPA either within its initial communication with the consumer in connection with the collection of a debt or within five (5) days of the debt collector's initial communication with the consumer in connection with the collection of a debt. *See* 15 U.S.C. § 1692g(a). Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

72. Here, the Collection Letter represents Defendant's attempt to collect a debt from Plaintiff in connection with the parking lot owned by Property Owner. As a result, Defendant was required to provide Plaintiff with written notice of the information contained under § 1692g(a) of the FDCPA either within the Collection Letter or within five days thereof.

73. At no point in time, whether prior the Collection Letter, within the Collection Letter, or within five-days of the Collection Letter, did Defendant provide any of the information and/or disclosures required by 1692g(a)(3)-(5) to Plaintiff in connection with the debt Defendant sought to collect from Plaintiff in the Collection Letter.

74. As such, by failing to provide Plaintiff with sufficient notice of the information contained under § 1692g(a)(3)-(5) of the FDCPA, Defendant violated § 1692g and § 1692e of the FDCPA.

75. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory damages as provided under 15 U.S.C. § 1692k;

(b) Actual damages as provided under 15 U.S.C. § 1692k; and

(c) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

(d) Any other relief that this Court deems appropriate under the circumstances

DATED: August 27, 2025

Respectfully Submitted,

/s/ Talal Rashid
**TALAL RASHID, ESQ.**
Florida Bar No. 1010307
E-mail:   Talal@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:   Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone:   305-332-6201

*COUNSEL FOR PLAINTIFF*

# EXHIBIT A

Professional Parking Management
PO Box 350218
Fort Lauderdale FL 33335


**PROFESSIONAL**
Parking Management

******AUTO**MIXED AADC 331   266 1 1

BRIANA VANESSA ROMERO
714 SW 25TH AVE
BOYNTON BEACH, FL 33435-6738

| | |
|---|---|
| CHARGE: | $125.00 |
| REDUCED CHARGE: | $85.00 |
| TOTAL AMOUNT DUE: | $85.00 |
| NOTICE TYPE: | NON PAYMENT |
| NOTICE NUMBER: | 607725205 |
| NOTICE DATE: | 04/08/2025 |
| PLATE: | 98EWXD |
| STATE: | FL |
| ENTRY TIME: | 04/05/2025 9:46AM |
| EXIT TIME: | 04/05/2025 10:06AM |

## NOTICE OF NON-COMPLIANCE - DO NOT IGNORE

This vehicle parked at a private parking lot at 55 SE 2ND AVE, DELRAY BEACH, FL 33444 has an outstanding balance. In accordance with the terms and conditions of the Parking Contract clearly displayed at the parking facility, the sum of $125.00 is due. **If payment is made within 30 days of the Notice date, Professional Parking Management will reduce the amount you owe from $125.00 to $85.00.** If payment is not received within 30 days, you will be responsible for the full Charge in the amount of $125.00.

FAILURE TO PAY THIS NOTICE OF NON-COMPLIANCE MAY RESULT IN THIS MATTER BEING REFERRED TO COLLECTIONS.

To make your payment, please visit our secure website **www.parkinginvoice.com**. You may also pay through our automated payment line (844) 999-7275, or by mailing a check to Professional Parking Management PO Box 350218 , Fort Lauderdale, FL 33335. You will be charged a $4.99 convenience fee for all online and telephone payments.

ENTRY





EXIT





Important: This notice is an attempt to collect a debt, and any information obtained will be used for that purpose. You have the right to dispute the debt. Disputes can be made online at www.parkinginvoice.com. If you have already sent payment, please disregard this notice.